# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:11 CR 38-3

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| TERRY LEE WOLFE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS CAUSE came before the undersigned upon a Violation Report (#62) filed by the United States Probation Office alleging that the Defendant violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared Defendant was present with his counsel, Dustin Dow, and the Government was present through AUSA Chris Hess. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, the Defendant, by and through his attorney, admitted the allegation contained in the Violation Report (#62).

The Defendant was charged in a Petition (#50) filed on April 28, 2017 with violating the terms and conditions of his supervised release. A hearing was held in regard to the detention of the defendant on July 24, 2017. On that date the

1

undersigned entered an Order releasing the Defendant on July 25, 2017 on a $25,000 unsecured bond. The undersigned further set conditions of release (#59) which included the following:

> (8)(a) The defendant must report to the Office of Probation and Pretrial Services to the extent and in the manner that agency determines to be appropriate;
>
> (8)(i) The defendant is to be released from custody at the Buncombe County Detention facility on Tuesday, July 25, 2017 at 6:00 AM. The Defendant is to be transported by his father, Robert Wolfe, by the most direct means and way possible and without stopping to the Swain Recovery Center for 42 day inpatient treatment. Upon Defendant's release from or completion of inpatient treatment, the Defendant is to be transported back to the United States Probation Office in Asheville, North Carolina by the most direct means and way possible without stopping for further proceedings.
>
> (8)(y) The defendant is to complete the 42 day inpatient treatment program at Swain Recovery Center. The defendant is to complete and sign a release allowing the United States Probation Office to obtain his treatment and discharge information from Swain Recovery Center.

The Defendant was taken to the Swain Recovery Center by his father on July 25, 2017. On July 31, 2017, the Defendant was released by the Swain Recovery Center and thereafter failed to report to his supervising probation officer, thus absconding from supervision.

**Discussion**.  18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
>  (B) clear and convincing evidence that the Defendant violated the conditions of release; in that it has been shown and the Defendant has admitted that he failed to report to the Office of Probation and Pretrial Services and he further failed to complete the treatment program at the Swain Recovery Center.
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, it appears there is no condition or combination of conditions of release that will assure that the Defendant will not pose a danger to the safety of any other person or the community;

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release.

As a result of the above referenced findings, the undersigned has determined

to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond (#58) and terms and conditions of pretrial release (#59) entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: September 26, 2017

Dennis L. Howell
United States Magistrate Judge