IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 2:11-cr-00038-MR-WCM-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| TERRY LEE WOLFE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's motions for additional good time credit under the First Step Act [Docs. 110, 111].

The First Step Act includes a provision that allows the Bureau of Prisons to award up to 54 days per year of "good time" sentencing credits, rather than the previously awarded 47 days of credit. First Step Act of 2018, 18 U.S.C. § 3624(b)(1). By the present motions, the Defendant seeks an award of this additional good time credit.

The provision of the First Step Act increasing allowable good time from 47 to 54 days takes effect "only when the Attorney General completes the 'risk and needs assessment system' required by Section 101(a)[,]" which is not due to be issued until July 2019. McCullough v. Bureau of Prisons, No.

5:19-CV-639-RMG, 2019 WL 1767393, at *2 (D.S.C. Apr. 22, 2019); United States v. Powell, No. 5:11-CR-75-JMH-1, 2019 WL 1521972, at *3 (E.D. Ky. Apr. 8, 2019); Roy v. United States Bureau of Prisons, No. 2:19-CV-59-RMP, 2019 WL 1441622, at *2 (E.D. Wash. Apr. 1, 2019). Thus, the Defendant's request is premature.

In any event, the Attorney General, not the sentencing court, is responsible for computing a prisoner's credit. United States v. Wilson, 503 U.S. 329, 335 (1992). A prisoner seeking review of the computation of his sentence credit must first seek administrative review of that computation through the Bureau of Prisoners. Only after such administrative remedies have been exhausted can a prisoner then seek judicial review of his sentence computation. Id. Further, because "[a] claim for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself," United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989), such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a).

Accordingly, the Defendant should address his inquiry regarding the status of his sentence to the Bureau of Prisons. Once his BOP administrative remedies have been exhausted, the Defendant may seek judicial review in the district of his confinement.

**IT IS, THEREFORE, ORDERED** that the Defendant's motions for additional good time credit under the First Step Act [Docs. 110, 111] are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: May 19, 2019

Martin Reidinger
United States District Judge